309 F.3d 1141
 FOREST GUARDIANS; Wildlife Damage Review; Carson Forest Watch; Animal Protection of New Mexico, Inc.; Oregon Natural Desert Association; Predator Defense Institute; T&E Inc.; Idaho Watersheds Project; Committee for Idaho's High Desert; Wilderness Watch; The Predator Education Fund; Sinapu; Animal Protection Institute; Friends of Nevada Wilderness; Hells Canyon Preservation Council; Gila Watch; John Horning, Plaintiffs-Appellants,
v.
ANIMAL & PLANT HEALTH INSPECTION SERVICE, an agency of the United States Department of Agriculture; United States Forest Service, an agency of the United States Department of Agriculture, Defendants-Appellees,
Arizona, State of Intervenor-Appellee.
 No. 01-15239.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 14, 2002.
 Filed October 31, 2002.
 
 Steven Sugarman, Belin & Sugarman, Santa Fe, NM, for the plaintiffs-appellants.
 Greer Goldman, Susan Pacholski, U.S. Department of Justice, Environment and Natural Resources Division, Washington, DC, for the defendants-appellees.
 Jay R. Adkins, Assistant Attorney General, Phoenix, AZ, for the defendant-intervenor-appellee.
 Appeal from the United States District Court for the District of Arizona, William D. Browning, District Judge, Presiding. D.C. No. CV-99-00061-WDB.
 Before WALLACE, KOZINSKI, and PAEZ, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 The Animal and Plant Health Inspection Service ("APHIS") and the United States Forest Service have been killing mountain lions in the Santa Teresa Wilderness to protect private livestock. A coalition of conservation organizations and one individual ("Forest Guardians") sought to enjoin this practice on the ground that it violates the Wilderness Act. Forest Guardians also claimed that APHIS and the Forest Service failed to conduct adequate environmental studies — as required by the National Environmental Policy Act ("NEPA") — before deciding to kill the mountain lions. The district court granted summary judgment to the federal defendants. We affirm.
 
 BACKGROUND
 
 2
 In 1984, Congress designated an area of the Coronado National Forest in Arizona as the Santa Teresa Wilderness. See Arizona Wilderness Act of 1984, Pub.L. No. 98-406, § 101(a)(23), 98 Stat. 1485. In May 1997, the Regional Forester delegated authority to APHIS to perform predator control in wilderness areas, including the Santa Teresa Wilderness, to "prevent serious losses of domestic livestock." The Regional Forester defined "serious loss" as "a determination made by APHIS or State Game and Fish after investigations, historical evidence and patterns of loss show the habitual nature of kills." APHIS killed six mountain lions between July 18, 1997, and March 22, 1999, at the request of a rancher who grazed cattle within the Santa Teresa Wilderness.
 
 DISCUSSION
 
 3
 The district court did not err in concluding that the Forest Service may authorize APHIS to perform lethal predator control of mountain lions in the Santa Teresa Wilderness in order to protect private livestock. Nor did it err by allowing predator control in areas where it had not been used in the past. The Wilderness Act of 1964 and the Arizona Wilderness Act of 1984 do not expressly prohibit predator control in wilderness areas. 16 U.S.C. §§ 1131-1136; Arizona Wilderness Act § 101(a)(23), (f)(1); H.R.Rep. No. 96-617, at 10-13 (1979). They do, however, allow pre-existing grazing operations to continue in areas later designated as wilderness. See Arizona Wilderness Act § 101(f)(1). We agree with the Forest Service that "private livestock grazing implicitly includes operations to support that grazing, such as lethal control of predators." Forest Guardians v. Animal & Plant Health Inspection Serv., No. CV 99-61-TUC-WDB, slip op. at 6 (D.Ariz. Nov. 14, 2000). We therefore defer to the Forest Service's conclusion that the Act authorizes predator control as one of the "flexible opportunities to manage grazing in a creative and realistic site specific fashion," H.R.Rep. No. 96-617, at 11. See Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944).
 
 
 4
 Forest Guardians's reliance on congressional grazing guidelines is unavailing. These guidelines, set out in a House of Representatives report on the Colorado Wilderness Act of 1980, clarified that certain grazing uses that pre-existed wilderness designation should not be phased out. See H.R.Rep. No. 96-617, at 10-13. The Arizona Wilderness Act of 1984 incorporated these grazing guidelines by reference. See § 101(f)(1). Forest Guardians asserts that, because the guidelines permit the maintenance of only pre-existing supporting facilities, by implication they prohibit predator control unless it pre-existed the wilderness designation. But the guidelines do not address the conflict between predator control and grazing in wilderness, and thus do not undermine our conclusion that the Act allows lethal predator control where necessary to protect pre-existing grazing operations.
 
 
 5
 Forest Guardians's assertion that the Forest Service Manual bars predator control in wilderness areas except where it was used before the wilderness designation is also unpersuasive. Even if the Manual did prohibit predator control in those areas, we previously made clear that the Manual does not have the force of law and does not bind the agency and is therefore not entitled to deference. See Southwest Ctr. for Biological Diversity v. U.S. Forest Serv., 100 F.3d 1443, 1450 (9th Cir.1996); W. Radio Servs. Co. v. Espy, 79 F.3d 896, 901 (9th Cir.1996).
 
 
 6
 Finally, the Forest Service's decision that its existing environmental assessments complied with the National Environmental Policy Act and sufficiently considered the effects of predator control in the Santa Teresa Wilderness was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Hells Canyon Alliance v. United States Forest Serv., 227 F.3d 1170, 1176-77 (9th Cir.2000) (internal quotation marks omitted). APHIS and the Forest Service have performed a number of environmental studies since the 1990s, among them a statewide study that specifically addressed the effects of lethal predator control in wilderness areas including the Santa Teresa Wilderness. Forest Guardians may prefer that the federal defendants conduct a separate analysis that solely evaluates the environmental impact of predator control in the Santa Teresa Wilderness, but the agency has discretion to determine the geographic scope of its NEPA analyses. Kleppe v. Sierra Club, 427 U.S. 390, 414, 96 S.Ct. 2718, 49 L.Ed.2d 576 (1976).
 
 
 7
 AFFIRMED.